R. A. LOHSE, Appellant,

v.

PAULSEL LUMBER COMPANY,
Appellee.

No. 18398.

Court of Civil Appeals of Texas,
Fort Worth.

April 2, 1981.

Rehearing Denied May 7, 1981.

Buzbee & Kleiber, and Lester R. Buzbee, III, Houston, for appellant.

M. Ward Bailey, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

We affirm summary judgment granted defendant Paulsel Lumber Company on the ground that statutes of limitation plead by it constituted a complete and effective defense to the suit by plaintiff R.A. Lohse.

Material dates are as follows: December 31, 1969 when by memorandum in writing Paulsel retained or received $35,000.00 claimed by Lohse to have been his property (as fully earned as result of his employment by Paulsel in the calendar year 1969); sometime in February, 1970 when Lohse ceased to be an employee of Paulsel; December 28, 1970 when attorneys Daugherty, Bruner, Lastelick & Anderson wrote Paulsel stating that "at the request of Mr. R.A. Lohse, Formerly with the Paulsel Lumber Company . . . that he is entitled to a bonus of $35,000 payable not later than December 31, 1970." Paulsel received this letter.

Because the summary judgment was granted upon the sole ground of limitation of the Lohse action we shall, for purposes of the opinion, presume that Paulsel was justly indebted to Lohse for $35,000.00. We, furthermore, presume that Paulsel was in fact retaining in its possession $35,000.00 belonging to Lohse. That being true Paulsel owed Lohse, and accordingly, Lohse had a matured cause of action which he could have prosecuted beginning in February, 1970, or in any event on December 31, 1970.

Of interest is that by the Paulsel writing of December 31, 1969 was recited that Lohse was to forfeit to Paulsel his $35,000.00 unless, with permission of Paulsel that Lohse be its employee, with name on the Paulsel payroll on December 31, 1970; and if not Lohse would forfeit the $35,000.00.

Lohse delayed filing suit, having filed this action on April 1, 1977.

Paulsel answered Lohse's suit by its plea of limitation under the two-year and four-year statutes and followed up by motion for summary judgment.

It was obvious by the face of the pleadings that Paulsel was entitled to have its motion for judgment granted unless Lohse might be able to successfully counter by summary judgment evidence serving to avoid such. This he attempted by proof intended to demonstrate existence of a fact issue upon the tolling of the four-year statute of limitation. As a part thereof he relied upon a proven relationship of kinship with a former President of the Paulsel Company, whose retention of his money "until he demanded it" resulted from such person's fiduciary relationship. Lohse did not go so far as to claim reliance upon an acknowledge of indebtedness by Paulsel.

We have concluded that Lohse failed in his proof; even including that having relation to the matter of "demand" claimed by him to have delayed the maturity of his cause of action until a time within four years prior to the time he filed suit.

■ At no time did Lohse deny having authorized the law firm Daugherty, Bruner, Lastelick & Anderson to communicate to Paulsel his contention of entitlement to the $35,000.00. He did deny knowledge of the letter written by such firm; likewise denying knowledge of the reply made by the Paulsel attorney. Peculiarly within the knowledge of Lohse would have been the matter of any arrangement with the law firm to claim the $35,000.00 for him, whether by oral or written means. Had such firm not been authorized to communicate with Paulsel in his behalf he could have readily denied the fact of its authority; yet he

failed to do this, contenting himself with mere denial of knowledge of the letter. As we view the case he declined to make denial of agency for him by the attorneys. Our duty, therefore, is to test for probative force the simple fact that the letter was written to and received by Paulsel.

We hold the letter to establish, for purposes of summary judgment in the absence of denial of authority, (a) the agency of the attorneys and (b) the claim by Lohse of Paulsel that it pay him by the end of the 1970 calendar year. Because of this the trial court correctly rendered summary judgment. Having probative effect, the letter positively negated the Lohse claim that the statute was "tolled" at anytime after December 31, 1970. Statutes of limitation are "statutes of repose", and if the above constituted evidence of probative force as applied to anything it was that Lohse—as of January 1, 1971—was aware of the maturity of his right to prosecute a suit and that any applicable statute of limitation then began—in diminishment of the period he could be assured that he could maintain his suit without it becoming endangered by a plea of "limitation".

■ Nothing was offered on the matter of agency of the law firm other than the mere fact that it sent the letter of December 28, 1970 and that the letter was received by Paulsel. In 7A C.J.S. (1980) *Attorney & Client*, beginning on page 253, the following sections appear: § 170 *Proof of Authority* (as agent) *in General*; § 171 *Presumption of Authority*; § 172 ___ *Scope of Authority*; § 173, *Objections to Authority and Demand of Proof*; § 175, *Evidence of Authority*; § 176 ___ *Admissibility*; § 177, ___ *Weight and Sufficiency*; and § 178 *Determination of Issue of Authority; Order or Rule.* Therefrom it seems clear that there is a difference which takes place when, presumptively for a client, an attorney makes an appearance or files a pleading in a case once suit is begun. Theretofore so strong a presumption of agency does not obtain. As applied to that period, however, there is the presumption of agency from circumstances where there is

the apparent relation as client and attorney and there is no denial and no evidence that agency did not exist; the burden of proof being incumbent upon the side denying the attorney's authority, it being in possession off the facts. See also 3 C.J.S. (1980) *Agency* § 518 p. 429 (*Fact and Character of Agency*)—*Acts, Conduct, or Silence* § 519, p. 431 (*Fact and Character of Agency*)—*Custom, Reputation, or Similar Transactions.* The pertinent cases are all in states other than Texas except for *Kadane v. Clark*, 134 S.W.2d 448, 458 (Tex.Civ.App.—Fort Worth), *rev'd on other grounds*, 135 Tex. 496, 143 S.W.2d 197 (1940). That case did not involve the relationship of attorney and client though it did involve that of principal and agent. Justice Speer of this court wrote that not only might the circumstances raise the issue for determination and be sufficient to support a finding of agency, but that when the alleged principal remains quiet and declines to testify in denial of the agency when it is at issue that failure, of itself, is clothed with certain probative force to establish agency.

In this case the facts proved, together with the circumstances, defeat the resistance of Lohse to the summary judgment. The statutes of limitation plead by Paulsel were indisputably applicable and valid in the absence of ability of Lohse to overcome such defense and demonstrate existence of a fact issue on "tolling". This he has not done though the law imposed upon him the burden to establish that he is able to raise the issue in a summary judgment proceeding.

Judgment is affirmed.